COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


CHRISTINA FAUBER

                                                        MEMORANDUM OPINION[*]
v.        Record No. 1871-10-3                              PER CURIAM
                                                         FEBRUARY 8, 2011
SHENANDOAH VALLEY DEPARTMENT
   OF SOCIAL SERVICES


             FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                             Victor V. Ludwig, Judge

          (S. Scott Baker; S. Scott Baker, P.L.L.C., on brief), for appellant.

          (James B. Glick; Angela V. Whitesell; Stephen K. Strosnider,
          Guardian *ad* litem for the minor child; Vellines, Cobbs, Goodwin &
          Glass, P.L.C.; Franklin, Denney, Ward & Lawson, PLC, on brief),
          for appellee.


        On August 6, 2010, the trial court entered an order terminating the parental rights of

Christina Fauber (appellant) to her son, G.T., pursuant to Code § 16.1-283(C)(2).  On appeal,

appellant contends the evidence was insufficient to support the trial court's decision.[1]  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        Pursuant to Code § 16.1-283(C)(2), a parent's residual parental rights "of a child placed

in foster care . . . may be terminated if the court finds, based upon clear and convincing evidence,

that it is in the best interests of the child" and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also argues the evidence was insufficient to support a termination of her
parental rights pursuant to Code § 16.1-283(B).  However, because the trial court did not
terminate appellant's parental rights pursuant to Code § 16.1-283(B), we do not consider this
issue.

> [t]he parent . . . , without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. . . .

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)).  "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)).  "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

By a consent order dated October 30, 2006, appellant and G.T.'s father transferred custody of G.T. to appellant's mother (the grandmother).  At that time, G.T. was four years old.  On October 31, 2007, G.T. was removed from the grandmother's care.

The initial goal of the foster care service plan for G.T. was for him to be placed with a relative, with appellant as a primary candidate.  To qualify for this placement, appellant was required to obtain a psychological evaluation, follow any recommendations resulting from that

evaluation, maintain employment and stable housing, visit G.T. regularly, and cooperate with the requirements of the Department of Social Services (DSS). Appellant was to participate in monthly planning sessions with DSS regarding the child's anticipated return to her.

Appellant obtained a psychological evaluation from Dr. Gerald Showalter on January 21, 2008. He recommended that she participate in a psychiatric evaluation and psychotherapy. Showalter opined that appellant would not improve in her decision making and coping skills unless she followed through with the recommended treatment. However, appellant did not participate in counseling or other treatment.

Parenting classes also were recommended for appellant. Appellant did not attend two parenting classes DSS arranged for her. Candace Renard, the DSS social worker assigned to the matter, testified appellant enrolled in a third parenting class, but did not complete it.

Appellant did not keep DSS informed regarding where she was employed. Appellant claimed to have sustained a wrist injury that made it difficult for her to work.

Appellant's housing situation was unstable. She lived with family members, friends, and sometimes in a hotel. At the time of the termination hearing on April 13, 2010, she was living with her father on weekends and a friend's home in Harrisonburg during the week.

Renard asked appellant to submit to two random drug screenings. Appellant did not complete either screening. Appellant did not attend the monthly planning sessions with DSS on a consistent basis.

Initially, appellant appeared for only about half of her scheduled visitations with G.T. each month. Appellant did not comply with a system later implemented by DSS for her to notify the agency by a certain date if she was not going to attend a visitation session. Appellant indicated she had problems with transportation to the sessions and the visitation interfered with

her work schedule. There was evidence that appellant and G.T. would engage with each other positively during visitation opportunities.

Although G.T. had some psychological difficulties when he first entered foster care, the problems have since resolved. At the time of the termination hearing, G.T. was a well-adjusted seven year old and was happy living with his foster family. The foster family had a desire to adopt G.T., and he would like the adoption to take place.

The record thus demonstrates by clear and convincing evidence that for more than two years while G.T. was in foster care appellant did nothing to remedy substantially the conditions that required the continuation of his placement. As the trial court noted in its letter opinion, appellant's employment status was unclear and her housing situation was tenuous. Appellant had not obtained the therapy Dr. Showalter opined was necessary for her, nor had she completed classes to improve her parenting skills. By failing or refusing to comply with DSS's requirements and to participate fully in the visitation opportunities provided to her, appellant demonstrated a lack of commitment to attain the goal of reunification with her child.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986). Clear and convincing evidence proved that termination of appellant's parental rights was in the best interests of G.T. G.T. was thriving in the care of his foster family, who wanted to adopt him.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883,

407 S.E.2d 25, 28-29 (1991) (quoting <u>Lowe v. Dep't of Public Welfare of Richmond</u>, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).  However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities."  <u>Kaywood v. Halifax County Dep't of Soc. Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Because sufficient evidence supports the trial court's decision, we summarily affirm the termination of appellant's parental rights pursuant to Code § 16.1-283(C)(2).

<u>Affirmed.</u>